# EXHIBIT A



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KIRKLAND'S STORES, INC., a California corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARIANA MILES, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 2 4 2018

C. Mundo

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Riverside County Superior Court <br> 4050 Main Street <br> Riverside, California 92501 | **CASE NUMBER:** <br> *(Número del Caso):* **RIC 1 8 0 9 7 8 4** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Suite 203, Glendale, CA 91203; Telephone (818) 265-1020

| DATE: <br> *(Fecha)* MAY 2 4 2018 | Clerk, by <br> *(Secretario)* C. MUNDO | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Kirkland's Stores, Inc.

   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1    Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
2    410 West Arden Avenue, Suite 203
Glendale, California 91203
3    Tel: (818) 265-1020 / Fax: (818) 265-1021

4    *Attorneys for* Plaintiff

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 2 4 2018

C. Mundo

5

6        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

           **FOR THE COUNTY OF RIVERSIDE**

7    ARIANA MILES, individually, and on
behalf of other members of the general public
8    similarly situated and on behalf of other
aggrieved employees pursuant to the
9    California Private Attorneys General Act;

10           Plaintiff,

11      vs.

12    KIRKLAND'S STORES, INC., a California
corporation; and DOES 1 through 100,
13    inclusive,

14          Defendants.

Case No. **RIC 1809784**

**CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.
(11) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

*(left margin, vertical)* LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   COMES NOW, Plaintiff ARIANA MILES ("Plaintiff"), individually, and on behalf of

2   other members of the general public similarly situated and on behalf of other aggrieved

3   employees pursuant to the California Private Attorney General Act, and alleges as follows:

4   <u>**JURISDICTION AND VENUE**</u>

5   1.   This class action is brought pursuant to the California Code of Civil Procedure

6   section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal

7   jurisdiction limits of the Superior Court and will be established according to proof at trial.

8   2.   This Court has jurisdiction over this action pursuant to the California

9   Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in

10   all other causes" except those given by statute to other courts. The statutes under which this

11   action is brought do not specify any other basis for jurisdiction.

12   3.   This Court has jurisdiction over Defendant because, upon information and

13   belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or

14   otherwise intentionally avails itself of the California market so as to render the exercise of

15   jurisdiction over it by California courts consistent with traditional notions of fair play and

16   substantial justice.

17   4.   Venue is proper in this Court because, upon information and belief, Defendant

18   maintains offices, has agents, employs individuals, and/or transacts business in the State of

19   California, County of Riverside. The majority of acts and omissions alleged herein relating to

20   Plaintiff and the other class members took place in the State of California, including the

21   County of Riverside.

22   <u>**PARTIES**</u>

23   5.   Plaintiff ARIANA MILES is an individual residing in the State of California,

24   County of Riverside.

25   6.   Defendant KIRKLAND'S STORES, INC., at all times herein mentioned, was

26   and is, upon information and belief, a California corporation, and at all times herein

27   mentioned, an employer whose employees are engaged throughout the State of California,

28   including the County of Riverside.

**LAWYERS** *for* **JUSTICE, PC**<br>
410 West Arden Avenue, Suite 203<br>
Glendale, California 91203

2

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7.    At all relevant times, Defendant KIRKLAND'S STORES, INC. was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.    At all times herein relevant, Defendants KIRKLAND'S STORES, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.    Defendant KIRKLAND'S STORES, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.    Plaintiff further alleges that Defendants, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members and aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

3

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

13.     The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14.     Plaintiff reserves the right to establish subclasses as appropriate.

15.     The class is ascertainable and there is a well-defined community of interest in the litigation:

a.      Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

b.      Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.      Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.      Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1     of all class members is impractical.

2         e.     Public Policy Considerations: Certification of this lawsuit as a class

3                action will advance public policy objectives.  Employers of this great

4                state violate employment and labor laws every day.  Current employees

5                are often afraid to assert their rights out of fear of direct or indirect

6                retaliation.  However, class actions provide the class members who are

7                not named in the complaint anonymity that allows for the vindication of

8                their rights.

9     16.   There are common questions of law and fact as to the class members that

10    predominate over questions affecting only individual members.  The following common

11    questions of law or fact, among others, exist as to the members of the class:

12        a.     Whether Defendants' failure to pay wages, without abatement or

13                reduction, in accordance with the California Labor Code, was willful;

14        b.     Whether Defendants' had a corporate policy and practice of failing to

15                pay their hourly-paid or non-exempt employees within the State of

16                California for all hours worked and missed (short, late, interrupted,

17                and/or missed altogether) meal periods and rest breaks in violation of

18                California law;

19        c.     Whether Defendants required Plaintiff and the other class members to

20                work over eight (8) hours per day and/or over forty (40) hours per week

21                and failed to pay the legally required overtime compensation to Plaintiff

22                and the other class members;

23        d.     Whether Defendants deprived Plaintiff and the other class members of

24                meal and/or rest periods or required Plaintiff and the other class

25                members to work during meal and/or rest periods without compensation;

26        e.     Whether Defendants failed to pay minimum wages to Plaintiff and the

27                other class members for all hours worked;

28    ///

5

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

f.  Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.  Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.  Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.  Whether Defendants' conduct was willful or reckless;

l.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## PAGA ALLEGATIONS

17.  At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

18.  At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

6

19.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

20.     Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee.  Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

21.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

    a.    The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

22.     On March 19, 2018, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendant KIRKLAND'S STORES, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and

7

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   theories to support the alleged violations. Plaintiff did not receive an LWDA Notice within

2   sixty-five (65) days of the date of the submission of Plaintiff's Notice.

3       23.   Therefore, the administrative prerequisites under California Labor Code section

4   2699.3(a) to recover civil penalties, including unpaid wages and premium wages per

5   California Labor Code section 558 against Defendants, in addition to other remedies, for

6   violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a),

7   1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been satisfied.

8                             **GENERAL ALLEGATIONS**

9       24.   At all relevant times set forth herein, Defendants employed Plaintiff and other

10  persons as hourly-paid or non-exempt employees within the State of California, County of

11  Riverside.

12      25.   Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-

13  exempt employee, from approximately February 2011 to the present, in the State of California,

14  County of Riverside.

15      26.   Defendants hired Plaintiff and the other class members and classified them as

16  hourly-paid or non-exempt employees, and failed to compensate them for all hours worked

17  and missed meal periods and/or rest breaks.

18      27.   Defendants had the authority to hire and terminate Plaintiff and the other class

19  members, to set work rules and conditions governing Plaintiff's and the other class members'

20  employment, and to supervise their daily employment activities.

21      28.   Defendants exercised sufficient authority over the terms and conditions of

22  Plaintiff's and the other class members' employment for them to be joint employers of

23  Plaintiff and the other class members.

24      29.   Defendants directly hired and paid wages and benefits to Plaintiff and the other

25  class members.

26      30.   Defendants continue to employ hourly-paid or non-exempt employees within the

27  State of California.

28  ///

8

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    31.    Plaintiff and the other class members worked over eight (8) hours in a day,

2   and/or forty (40) hours in a week during their employment with Defendants.

3    32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4   engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt

5   employees within the State of California.  This pattern and practice involved, *inter alia*, failing

6   to pay them for all regular and/or overtime wages earned and for missed meal periods and rest

7   breaks in violation of California law.

8    33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

9   knew or should have known that Plaintiff and the other class members were entitled to receive

10  certain wages for overtime compensation and that they were not receiving accurate overtime

11  compensation for all overtime hours worked.

12   34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

13  failed to provide Plaintiff and the other class members all required rest and meal periods

14  during the relevant time period as required under the Industrial Welfare Commission Wage

15  Orders and thus they are entitled to any and all applicable penalties.

16   35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

17  knew or should have known that Plaintiff and the other class members were entitled to receive

18  all meal periods or payment of one additional hour of pay at Plaintiff's and the other class

19  member's regular rate of pay when a meal period was missed, and they did not receive all

20  meal periods or payment of one additional hour of pay at Plaintiff's and the other class

21  member's regular rate of pay when a meal period was missed.

22   36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

23  knew or should have known that Plaintiff and the other class members were entitled to receive

24  all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

25  member's regular rate of pay when a rest period was missed, and they did not receive all rest

26  periods or payment of one additional hour of pay at Plaintiff's and the other class members'

27  regular rate of pay when a rest period was missed.

28  ///

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

2    knew or should have known that Plaintiff and the other class members were entitled to receive

3    at least minimum wages for compensation and that they were not receiving at least minimum

4    wages for all hours worked.

5    38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

6    knew or should have known that the other class members were entitled to receive all wages

7    owed to them upon discharge or resignation, including overtime and minimum wages and meal

8    and rest period premiums, and they did not, in fact, receive all such wages owed to them at the

9    time of their discharge or resignation.

10   39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

11   knew or should have known that Plaintiff and the other class members were entitled to receive

12   all wages owed to them during their employment.  Plaintiff and the other class members did

13   not receive payment of all wages, including overtime and minimum wages and meal and rest

14   period premiums, within any time permissible under California Labor Code section 204.

15   40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

16   knew or should have known that Plaintiff and the other class members were entitled to receive

17   complete and accurate wage statements in accordance with California law, but, in fact, they

18   did not receive complete and accurate wage statements from Defendants.  The deficiencies

19   included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

20   other class members.

21   41.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

22   knew or should have known that Defendants had to keep complete and accurate payroll

23   records for Plaintiff and the other class members in accordance with California law, but, in

24   fact, did not keep complete and accurate payroll records.

25   42.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

26   knew or should have known that Plaintiff and the other class members were entitled to

27   reimbursement for necessary business-related expenses.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

43.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

44.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

45.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

46.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

47.     During the relevant time period, Defendants failed to pay the other class members no longer employed by Defendants all wages owed to them upon discharge or resignation.

48.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

49.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

50.     During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

51.     During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

///

///

11

52. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

53. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against KIRKLAND'S STORES, INC. and DOES 1 through 100)

54. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 53, and each and every part thereof with the same force and effect as though fully set forth herein.

55. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

56. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

57. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

58. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

12

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

2  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

3  of work.

4      59.   During the relevant time period, Plaintiff and the other class members worked in

5  excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

6      60.   During the relevant time period, Defendants intentionally and willfully failed to

7  pay overtime wages owed to Plaintiff and the other class members.

8      61.   Defendants' failure to pay Plaintiff and the other class members the unpaid

9  balance of overtime compensation, as required by California laws, violates the provisions of

10  California Labor Code sections 510 and 1198, and is therefore unlawful.

11     62.   Pursuant to California Labor Code section 1194, Plaintiff and the other class

12  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

13  attorneys' fees.

14                    **SECOND CAUSE OF ACTION**

15          **(Violation of California Labor Code §§ 226.7 and 512(a))**

16       **(Against KIRKLAND'S STORES, INC. and DOES 1 through 100)**

17     . 63.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

18  through 62, and each and every part thereof with the same force and effect as though fully set

19  forth herein.

20     64.   At all relevant times, the IWC Order and California Labor Code sections 226.7

21  and 512(a) were applicable to Plaintiff's and the other class members' employment by

22  Defendants.

23     65.   At all relevant times, California Labor Code section 226.7 provides that no

24  employer shall require an employee to work during any meal or rest period mandated by an

25  applicable order of the California IWC.

26     66.   At all relevant times, the applicable IWC Wage Order and California Labor

27  Code section 512(a) provide that an employer may not require, cause or permit an employee to

28  work for a work period of more than five (5) hours per day without providing the employee

1    with a meal period of not less than thirty (30) minutes, except that if the total work period per

2    day of the employee is no more than six (6) hours, the meal period may be waived by mutual

3    consent of both the employer and employee.

4         67.   At all relevant times, the applicable IWC Wage Order and California Labor

5    Code section 512(a) further provide that an employer may not require, cause or permit an

6    employee to work for a work period of more than ten (10) hours per day without providing the

7    employee with a second uninterrupted meal period of not less than thirty (30) minutes, except

8    that if the total hours worked is no more than twelve (12) hours, the second meal period may

9    be waived by mutual consent of the employer and the employee only if the first meal period

10   was not waived.

11        68.   During the relevant time period, Plaintiff and the other class members who were

12   scheduled to work for a period of time no longer than six (6) hours, and who did not waive

13   their legally-mandated meal periods by mutual consent, were required to work for periods

14   longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

15   minutes and/or rest period.

16        69.   During the relevant time period, Plaintiff and the other class members who were

17   scheduled to work for a period of time in excess of six (6) hours were required to work for

18   periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

19   (30) minutes and/or rest period.

20        70.   During the relevant time period, Defendants intentionally and willfully required

21   Plaintiff and the other class members to work during meal periods and failed to compensate

22   Plaintiff and the other class members the full meal period premium for work performed during

23   meal periods.

24        71.   During the relevant time period, Defendants failed to pay Plaintiff and the other

25   class members the full meal period premium due pursuant to California Labor Code section

26   226.7.

27        72.   Defendants' conduct violates applicable IWC Wage Order and California Labor

28   Code sections 226.7 and 512(a).

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

73.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against KIRKLAND'S STORES, INC. and DOES 1 through 100)

74.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 73, and each and every part thereof with the same force and effect as though fully set forth herein.

75.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

76.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

77.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

78.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

79.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

80.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

81.   Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

82.   Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against KIRKLAND'S STORES, INC. and DOES 1 through 100)**

83.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.   At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

85.   During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

86.   Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

87.   Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    employee minimum wages, and $250.00 for each subsequent failure to pay each employee

2    minimum wages.

3        88.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class

4    members are entitled to recover liquidated damages in an amount equal to the wages

5    unlawfully unpaid and interest thereon.

6                        **FIFTH CAUSE OF ACTION**

7                **(Violation of California Labor Code §§ 201 and 202)**

8          **(Against KIRKLAND'S STORES, INC. and DOES 1 through 100)**

9        89.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

10   through 88, and each and every part thereof with the same force and effect as though fully set

11   forth herein.

12       90.    At all relevant times herein set forth, California Labor Code sections 201 and

13   202 provide that if an employer discharges an employee, the wages earned and unpaid at the

14   time of discharge are due and payable immediately, and if an employee quits his or her

15   employment, his or her wages shall become due and payable not later than seventy-two (72)

16   hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her

17   intention to quit, in which case the employee is entitled to his or her wages at the time of

18   quitting.

19       91.    During the relevant time period, Defendants intentionally and willfully failed to

20   pay Plaintiff and the other class members who are no longer employed by Defendants their

21   wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

22       92.    Defendants' failure to pay the other class members who are no longer employed

23   by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving

24   Defendants' employ, is in violation of California Labor Code sections 201 and 202.

25       93.    California Labor Code section 203 provides that if an employer willfully fails to

26   pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

27   shall continue as a penalty from the due date thereof at the same rate until paid or until an

28   action is commenced; but the wages shall not continue for more than thirty (30) days.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

94.     The other class members who have separated from employment with Defendants are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

#### (Violation of California Labor Code § 204)

#### (Against KIRKLAND'S STORES, INC. and DOES 1 through 100)

95.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

97.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

98.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period

99.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

100.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

18

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against KIRKLAND'S STORES, INC. and DOES 1 through 100)**

101.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

103.   Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

104.   As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

///

19

1    105.    More specifically, Plaintiff and the other class members have been injured by
2    Defendants' intentional and willful violation of California Labor Code section 226(a) because
3    they were denied both their legal right to receive, and their protected interest in receiving,
4    accurate and itemized wage statements pursuant to California Labor Code section 226(a).

5    106.    Plaintiff and the other class members are entitled to recover from Defendants the
6    greater of their actual damages caused by Defendants' failure to comply with California Labor
7    Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per
8    employee.

9    107.    Plaintiff and the other class members are also entitled to injunctive relief to
10   ensure compliance with this section, pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against KIRKLAND'S STORES, INC. and DOES 1 through 100)

14   108.    Plaintiff incorporates by reference the allegations contained in paragraphs 1
15   through 107, and each and every part thereof with the same force and effect as though fully set
16   forth herein.

17   109.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a
18   central location in the state or at the plants or establishments at which employees are
19   employed, payroll records showing the hours worked daily by and the wages paid to, and the
20   number of piece-rate units earned by and any applicable piece rate paid to, employees
21   employed at the respective plants or establishments.  These records shall be kept in accordance
22   with rules established for this purpose by the commission, but in any case shall be kept on file
23   for not less than two years.

24   110.    Defendants have intentionally and willfully failed to keep accurate and complete
25   payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other
26   class members.

27   ///

28   ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

111.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

112.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against KIRKLAND'S STORES, INC. and DOES 1 through 100)

113.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 112, and each and every part thereof with the same force and effect as though fully set forth herein.

114.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

115.    Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

116.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

117.    Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against KIRKLAND'S STORES, INC. and DOES 1 through 100)

118.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 117, and each and every part thereof with the same force and effect as though fully set forth herein.

119.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

120.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

121.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

122.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

///

22

1      123.   Plaintiff and the other class members have been personally injured by

2   Defendants' unlawful business acts and practices as alleged herein, including but not

3   necessarily limited to the loss of money and/or property.

4      124.   Pursuant to California Business & Professions Code sections 17200, et seq.,

5   Plaintiff and the other class members are entitled to restitution of the wages withheld and

6   retained by Defendants during a period that commences four years prior to the filing of this

7   Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section

8   1021.5 and other applicable laws; and an award of costs.

9                     **ELEVENTH CAUSE OF ACTION**

10            **(Violation of California Labor Code §§ 2698, et seq.)**

11       **(Against KIRKLAND'S STORES, INC. and DOES 1 through 100)**

12      125.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

13   through 124, and each and every part thereof with the same force and effect as though fully set

14   forth herein.

15      126.   PAGA expressly establishes that any provision of the California Labor Code

16   which provides for a civil penalty to be assessed and collected by the LWDA, or any of its

17   departments, divisions, commissions, boards, agencies or employees for a violation of the

18   California Labor Code, may be recovered through a civil action brought by an aggrieved

19   employee on behalf of himself or herself, and other current or former employees.

20      127.   Whenever the LWDA, or any of its departments, divisions, commissions,

21   boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action

22   is authorized to exercise the same discretion, subject to the same limitations and conditions, to

23   assess a civil penalty.

24      128.   Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved

25   employees" as defined by California Labor Code section 2699(c) in that they are all current or

26   former employees of Defendants, and one or more of the alleged violations was committed

27   against them.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**Failure to Pay Overtime**

129.   Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

130.   Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

131.   Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

132.   Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

**Failure to Timely Pay Wages Upon Termination**

133.   Defendants' failure to timely pay wages to the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

134.   Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

135.   Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

136.   Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

137.   Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

138.   Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

  a. Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

  b. Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

  c. Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

25

1    each subsequent violation; and

2          d.     Any and all additional penalties and sums as provided by the California

3                 Labor Code and/or other statutes.

4        139.   Pursuant to California Labor Code section 2699(i), civil penalties recovered by

5    aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor

6    and Workforce Development Agency for the enforcement of labor laws and education of

7    employers and employees about their rights and responsibilities and twenty-five percent (25%)

8    to the aggrieved employees.

9        140.   Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and

10   costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable

11   statute.

**DEMAND FOR JURY TRIAL**

13       Plaintiff, individually, and on behalf of other members of the general public similarly

14   situated and on behalf of other aggrieved employees pursuant to the California Private

15   Attorney General Act, requests a trial by jury.

**PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiff, individually and on behalf of all other members of the

18   general public similarly situated and on behalf of other aggrieved employees pursuant to the

19   California Private Attorney General Act, prays for relief and judgment against Defendants,

20   jointly and severally, as follows:

**Class Certification**

22       1.     That this action be certified as a class action;

23       2.     That Plaintiff be appointed as the representative of the Class;

24       3.     That counsel for Plaintiff be appointed as Class Counsel; and

25       4.     That Defendants provide to Class Counsel immediately the names and most

26   current/last known contact information (address, e-mail and telephone numbers) of all class

27   members.

28   ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the First Cause of Action**

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

9.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

10.     For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

11.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

12.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

13.     For all actual, consequential, and incidental losses and damages, according to proof;

14.     For premium wages pursuant to California Labor Code section 226.7(b);

15.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

16.     For reasonable attorneys' fees and costs of suit incurred herein;

///

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698. ET SEQ. AND DEMAND FOR JURY TRIAL

17.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

18.    For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

19.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

20.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.    For all actual, consequential, and incidental losses and damages, according to proof;

22.    For premium wages pursuant to California Labor Code section 226.7(b);

23.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

24.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

25.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

26.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

27.    For general unpaid wages and such general and special damages as may be appropriate;

28.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1      29.      For pre-judgment interest on any unpaid compensation from the date such

2 amounts were due;

3      30.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4 California Labor Code section 1194(a);

5      31.      For liquidated damages pursuant to California Labor Code section 1194.2;

6      32.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

7 (g); and

8      33.      For such other and further relief as the Court may deem just and proper.

9                      **As to the Fifth Cause of Action**

10      34.      That the Court declare, adjudge and decree that Defendants violated California

11 Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at

12 the time of termination of the employment of the other class members no longer employed by

13 Defendants;

14      35.      For all actual, consequential, and incidental losses and damages, according to

15 proof;

16      36.      For statutory wage penalties pursuant to California Labor Code section 203 for

17 the other class members who have left Defendants' employ;

18 ///

19      37.      For pre-judgment interest on any unpaid compensation from the date such

20 amounts were due;

21      38.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

22 (g); and

23      39.      For such other and further relief as the Court may deem just and proper.

24                      **As to the Sixth Cause of Action**

25      40.      That the Court declare, adjudge and decree that Defendants violated California

26 Labor Code section 204 by willfully failing to pay all compensation owed at the time required

27 by California Labor Code section 204 to Plaintiff and the other class members;

28 ///

1    41.    For all actual, consequential, and incidental losses and damages, according to

2  proof;

3    42.    For pre-judgment interest on any unpaid compensation from the date such

4  amounts were due;

5    43.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

6  (g); and

7    44.    For such other and further relief as the Court may deem just and proper.

8              **As to the Seventh Cause of Action**

9    45.    That the Court declare, adjudge and decree that Defendants violated the record

10  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

11  as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

12  wage statements thereto;

13    46.    For actual, consequential and incidental losses and damages, according to proof;

14    47.    For statutory penalties pursuant to California Labor Code section 226(e);

15    48.    For injunctive relief to ensure compliance with this section, pursuant to

16  California Labor Code section 226(h);

17    49.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

18  (g); and

19    50.    For such other and further relief as the Court may deem just and proper.

20              **As to the Eighth Cause of Action**

21    51.    That the Court declare, adjudge and decree that Defendants violated California

22  Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

23  for Plaintiff and the other class members as required by California Labor Code section

24  1174(d);

25    52.    For actual, consequential and incidental losses and damages, according to proof;

26    53.    For statutory penalties pursuant to California Labor Code section 1174.5;

27    54.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

28  (g); and

30

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL.

55. For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

56. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

57. For actual, consequential and incidental losses and damages, according to proof;

58. For the imposition of civil penalties and/or statutory penalties;

59. For reasonable attorneys' fees and costs of suit incurred herein;

60. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

61. For such other and further relief as the Court may deem just and proper.

### As to the Tenth Cause of Action

62. That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

63. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

64. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

65. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

31

1    66.    For injunctive relief to ensure compliance with this section, pursuant to

2  California Business and Professions Code sections 17200, et seq.; and

3    67.    For such other and further relief as the Court may deem just and proper.

4              **<u>As to the Eleventh Cause of Action</u>**

5    68.    For civil penalties and wages pursuant to California Labor Code sections

6  2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor

7  Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1,

8  1198, 2800 and 2802; and

9    69.    For such other and further relief as the Court may deem equitable and

10  appropriate.

11  Dated: May 24, 2018                              **LAWYERS** *for* **JUSTICE, PC**

12

13                                          By: _____

14                                               Edwin Aiwazian

15                                               *Attorneys for* Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203